IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeremiah Danley, #256950, ) | |
| ) | C/A No. 0:08-2006-SB-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden Wateree Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 22). The petitioner, Jeremiah Danley ("Danley"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The respondent filed a motion for summary judgment. (Docket Entry 22.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 24.) Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, the petitioner failed to respond to the motion. As the petitioner is proceeding *pro se*, the court filed a second order on November 19, 2008, advising the petitioner that it appeared to the court that he was not opposing the motion and wished to abandon this action, and giving the petitioner an additional fifteen (15) days in which to file his response to the respondent's motion for summary judgment. (Docket Entry 28.) Danley filed a response in opposition to respondent's motion on December 2, 2008. (Docket Entry 30.) The motion is now before the court for a Report and Recommendation.

## BACKGROUND

Danley was indicted in February 1999 in Richland County for murder (99-GS-40-33969). (Docket Entry 23-3.) Danley was represented by Theresa Clement, Esquire, and on February 24, 1999, pled guilty to voluntary manslaughter in a negotiated plea agreement.[1] (App. at 1-14, Docket Entry 23-2 at 5-18.) The court sentenced Danley to twenty years' imprisonment. (App. at 15-39, Docket Entry 23-2 at 19-42.)

Danley timely filed a direct appeal. On appeal, Danley was represented by Aileen P. Clare, Esquire, Assistant Appellate Defender for the South Carolina Office of Appellate Defense. On March 28, 2000, Clare filed an Anders[2] brief and a petition to be relieved as counsel. (App. at 45-56, Docket Entry 23-2 at 48-56.) In a *per curiam* opinion filed November 17, 2000, the South Carolina Supreme Court dismissed Danley's (and his brother's) appeal. (State v. Jeremiah Danley and Lamont Danley, 2000-MO-134 (S.C. Nov. 17, 2000), Docket Entry 23-4). The remittitur was issued on December 7, 2000. (Docket Entry 23-5.)

On December 8, 2000, Danley filed a *pro se* application for post-conviction relief ("PCR"). (See Danley v. State of South Carolina, 00-CP-40-5027, App. at 58-67, Docket Entry 23-2 at 57-66.) The State filed a return on April 26, 2001. (App. at 68-71, Docket Entry 23-2 at 67-70.) On July

---

[1] Danley's brother, Lamont Danley, was indicted as a co-defendant for murder and possession of a firearm or knife during the commission of or attempt to commit a violent crime. These charges stemmed from the same June 17, 1998 incident as Danley's. Lamont Danley pled guilty to voluntary manslaughter and possession of a firearm and was sentenced to thirty years' imprisonment and five years' imprisonment, respectively, both sentences to be served concurrently.

[2] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

23, 2001, the PCR court held an evidentiary hearing at which Danley was represented by Tara Dawn Shurling, Esquire. (App. at 72-125, Docket Entry 23-2 at 71-124.) At the hearing, Danley amended his PCR application to include an additional allegation. The PCR judge denied Danley's PCR application by order filed March 1, 2002. (App. at 126-32, Docket Entry 23-2 at 125-131.)

Danley timely filed a notice of appeal and was represented by Aileen P. Clare, Esquire, Assistant Appellate Defender of the South Carolina Office of Appellate Defense. On October 11, 2002, counsel filed a Petition for Writ of Certiorari, (Docket Entry 23-6), to which the State responded (Docket Entry 23-7). On April 23, 2003, the South Carolina Supreme Court denied the petition for a writ of certiorari (See Docket Entry 23-13 at 3) and issued the remittitur on May 13, 2003 (Docket Entry 23-8).

Danley then filed a Petition for Writ of Habeas Corpus with the Richland County Court of Common Pleas on December 10, 2003. (Danley v. State, 03-CP-40-5882, Docket Entry 23-9.) Thereafter, Danley filed additional documents supplementing his petition. (Docket Entries 23-10 & 23-11.) The State filed a return and motion to dismiss. (Docket Entry 23-12.) On November 2, 2005, the circuit court filed a Conditional Order of Dismissal, finding that Danley's petition was successive and time-barred. (Docket Entry 23-13.) Danley did not file a response to this order. A Final Order of Dismissal was filed on July 18, 2006. (Docket Entry 23-16.)

Prior to the circuit court's issuance of its orders, Danley filed a Petition for a Writ of Mandamus on October 21, 2005. (Docket Entry 23-14.) This petition was dismissed by South Carolina Supreme Court order dated November 30, 2005, which stated that, pursuant to Key v. Currie, "no extraordinary reason exists to entertain them in this Court's jurisdiction." (Docket Entry 23-15); Key v. Currie, 406 S.E.2d 356 (1991).

Danley timely filed a notice of appeal of the circuit court's July 18, 2006 Final Order of Dismissal (Docket Entry 23-16.) The South Carolina Supreme Court dismissed Danley's appeal in an order dated August 31, 2006, stating that "[w]here, as here, a party fails to file a response to a conditional order of dismissal, the party cannot appeal from the final order." (Docket Entry 23-17.) The remittitur was issued on October 18, 2006. (Docket Entry 23-18.)

Additionally, Danley filed a second PCR application on May 23, 2006. (See Danley v. State of South Carolina, 06-CP-40-2980, Docket Entry 23-19.) The State filed a return and motion to dismiss on February 12, 2007. (Docket Entry 23-20.) On March 23, 2007, the circuit court filed a Conditional Order of Dismissal, finding that Danley's second petition was successive and time-barred. (Docket Entry 23-21.) Danley did not file a response to this order. A Final Order of Dismissal was filed on July 2, 2007. (Docket Entry 23-22.)

Danley timely filed a notice of appeal of the circuit court's July 2, 2007 Final Order of Dismissal (Docket Entry 23-22.) The remittitur was issued on November 26, 2007. (Docket Entry 23-23.)

Danley filed his petition for a writ of habeas corpus in this court on May 28, 2008. (Docket Entry 1.)

## DISCUSSION

**A.  Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party

who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light

of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**C.     Statute of Limitations**

The respondents argue that Danley's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Danley filed a direct appeal with the South Carolina Supreme Court, his conviction became final ninety days after November 17, 2000, the date the South Carolina Supreme Court dismissed the appeal.[3] Thus, his conviction became final on February 15, 2001. Accordingly, the limitations period began to run on

---

[3]Because Danley sought certiorari from the South Carolina Supreme Court, he is entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. See Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (holding that direct review concludes at the expiration of time for seeking certiorari from the United States Supreme Court); 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort). Further, the time to seek certiorari runs from the date of the decision rather than the date of the remittitur. See U.S. Sup. Ct. R. 13.3.

February 16, 2001 and expired on February 15, 2002, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitations period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Danley filed his first state PCR application on December 8, 2000. At that point, Danley's conviction was not yet final. Nonetheless, the period of limitations was tolled during the pendency of any of Danley's PCR actions that were properly filed. Accordingly, taking the facts in the light most favorable to Danley, and assuming without deciding that his first PCR application was properly filed, the statutory period was tolled until no later than May 13, 2003, when the South Carolina Supreme Court issued the remittitur from its order denying Danley's first PCR petition for writ of certiorari. At this time, Danley had 365 days of statutory time remaining, which means that Danley had until May 13, 2004 to file his federal habeas petition. See United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (holding that one-year limitation period in § 2244 should be calculated using anniversary date method even when intervening period includes leap year).

Although Danley filed a Petition for a Writ of Habeas Corpus with the Richland County Court of Common Pleas as well as a second PCR application, neither application tolled the statute of limitations because both were dismissed as successive and time-barred. See Pace v. Diguglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling).

Danley's federal Petition was filed May 22, 2008.[4]  As of the filing date of the federal Petition, over five years of non-tolled time had run from the date his conviction became final.  Thus, Danley filed his federal habeas application over four years after the expiration of the one-year limitations period under § 2244(d)(1)(A).

Danley filed a response in opposition to the respondents' motion for summary judgment (Docket Entry 30) in which he contends that he is not barred by the statute of limitations under 28 U.S.C. § 2244(d)(1) because he filed his petition under 28 U.S.C. § 2254.  Danley is mistaken.  Although he is correct in that he filed his federal petition under § 2254, the provisions of § 2244(d)(1) are applicable to his Petition.  28 U.S.C. § 2244(d)(1) (stating that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court").

## RECOMMENDATION

Having reviewed the parties' memoranda and the record in this case, the court finds, for the reasons outlined above, that Danley's habeas petition was not timely filed, and it is therefore barred by § 2244(d).  Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 22) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 23, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[4]Danley's Petition was filed via certified mail rather than through the prison mailroom. Accordingly, pursuant to Rule 5(d)(2)(A) of the Federal Rules of Civil Procedure, the filing date is May 22, 2008 rather than the date of delivery to the prison mailroom pursuant to Houston v. Lack. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).